# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JUWAN BERNARD LANCE,

        Defendant-Appellant.

UNPUBLISHED
March 3, 2015

No. 318478
Chippewa Circuit Court
LC No. 12-000942-FH

Before: SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right from his bench trial conviction of assault of a prison employee, MCL 750.197c. The trial court sentenced defendant as a habitual fourth offender, MCL 769.12, to 58 months to 20 years' imprisonment. We affirm.

Defendant's sole argument on appeal is that the verdict was against the great weight of the evidence. "[A] new trial based upon the weight of the evidence should be granted only where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998) (internal quotation marks and citation omitted).

MCL 750.197c(1) provides as follows:

> A person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place, including, but not limited to, hospitals and other health care facilities or awaiting examination, trial, arraignment, sentence, or after sentence awaiting or during transfer to or from a prison, for a crime or offense, or charged with a crime or offense who, without being discharged from the place of confinement, or other lawful imprisonment by due process of law, through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or breaks the place of confinement and escapes, or breaks the place of confinement although an escape is not actually made, is guilty of a felony . . . .

At trial, witnesses testified that defendant was escorted to a holding cell at the Chippewa Correctional Facility and defendant refused officers' requests to enter the cell. Officer Collin

Strickland and Sergeant Dale Beaulieu testified that when defendant resisted entering the cell, Strickland and Officer Sharron Seames held defendant by the arms to place him inside the room. At that point, defendant "bucked" his elbows, striking Strickland in the jaw. Seames testified that she assisted Strickland in attempting to place defendant in the holding room, but did not see defendant strike Strickland. Defendant testified that, after refusing to enter the holding cell, Strickland pushed him against a wall and then took him to the ground. Defendant said that he did not strike Strickland with his elbows, but that Strickland may have been injured when he took defendant to the ground.

According to defendant, the contradictions between his testimony and the testimony of plaintiff's witnesses preponderate against a guilty verdict. Generally, "conflicting testimony or a question as to the credibility of a witness are not sufficient grounds for granting a new trial." *Lemmon*, 456 Mich at 643 (internal quotation marks and citation omitted). However, conflicting testimony warrants a new trial in cases where witness "testimony contradicts indisputable physical facts or laws" or where testimony was so impeached that it is deprived of all probative value. *Id*. (internal quotation marks and citations omitted).

Defendant correctly asserts that plaintiff's witnesses presented conflicting testimony regarding where he was escorted from and whether he wore a belly chain or a red strap. Beaulieu and Seames testified that the incident occurred as defendant was being escorted from Health Services, while Strickland testified that defendant was being escorted from his cell. Beaulieu and Seames testified that defendant was escorted using belly chains, while Strickland testified that defendant was escorted using a red strap, and defendant testified that he was escorted using belly chains and a red strap. However, these are minor details and do not impeach the witnesses' credibility so as to deprive the testimony of all probative value. The discrepancies in testimony had no bearing on the circumstances surrounding Strickland's injury. There is no evidence that the belly chain or the red strap affected defendant's ability to lift his elbows in the manner described by Strickland and Beaulieu.

Strickland and Beaulieu both testified that after defendant resisted entering the holding room, Strickland and Seames grabbed defendant by the arms to place him inside the room, which was when defendant "bucked" his elbows, striking Strickland in the jaw. The trial court had the opportunity to weigh the defendant's credibility against the testimonies of Strickland and Beaulieu, MCR 2.613(c), and we defer to its determinations.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly